UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

LEE YORK,

          Plaintiff,

v.                              Case No. 8:08-cv-106-T-24TGW

OFFICER BYRON HOSKINS,
et al.,

          Defendants.

_____

O R D E R

This cause is before the Court on Defendant Michael Fisher's and Byron Hoskins' Rule 12(b)(6) motion to dismiss Plaintiff York's 42 U.S.C. § 1983 civil rights complaint. (Doc. No. 15). Defendants filed the motion to dismiss on February 21, 2008. York has not filed a response in opposition to the motion to dismiss.

Factual Background

York filed a civil rights complaint against the Defendants in their individual capacities alleging that Officer Fisher, Officer Hoskins, and two unnamed officers ("herein collectively referred to as the officers") violated York's Fourth and Fourteenth Amendment constitutional rights.

York alleges that on October 31, 2007, he encountered the officers as they attempted to execute a search warrant at a home where he was located. York alleges that

the officers violated the "Knock and Announce" rule and entered the house, owned by his friend, without announcing that they were police. York claims that because he was unaware of who was entering the home, he attempted to hide in the bathroom, but was prevented from doing so by the officers who only announced their identities once inside the home and while pursuing him to the bathroom. York alleges that he obeyed all the officers' commands, but the officers still used force against him.

The alleged use of force includes being kicked, assaulted, having a firearm pointed in his face, being threatened that he would be killed while being subjected to racial slurs, and being dragged around while in handcuffs. York alleges that as a result of these actions, the officers violated his Fourth and Fourteenth Amendment rights.  York alleges more specifically that the officers used excessive force and conspired to violate his constitutional rights. The conspiracy is related to the officers' allegedly falsifying their police reports to mislead their supervisors and the Court.

York contends that the officers falsely accused him of resisting arrest, tampering with evidence and trafficking in drugs. York further alleges that all officers agreed to this course of action and thus entered into this conspiracy which deprived him of his constitutional rights. York alleges that he has been injured and sues for compensatory damages in the amount of one million dollars and punitive damages in the amount of two million dollars.

## STANDARD OF REVIEW

When considering a motion to dismiss under Federal Rules of Civil Procedure Rule 12(b)(6), the Court must accept all factual allegations in the complaint as true, consider the allegations in the light most favorable to the plaintiff, and accept all reasonable inferences

that can be drawn from such allegations. *Hill v. White*, 321 F. 3d 1334, 1335 (11th Cir. 2003); *Jackson v. Okaloosa County, Fla.*, 21 F. 3d 1531, 1534 (11th Cir. 1994). A Complaint may not be dismissed under Rule 12(b)(6) "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Lopez v. First Union Nat'l Bank*, 129 F. 3d 1186, 1189 (11th Cir. 1997)(quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)).

In ruling on a motion to dismiss, the Court limits its considerations to the pleadings and exhibits attached thereto. *GSW, Inc. v. Long County, Ga.,* 999 F. 2d 1508, 1510 (11th Cir. 1993). The Eleventh Circuit has held that when considering a Rule 12(b)(6) motion to dismiss, a Court may take judicial notice of the public record, without converting the motion to dismiss to a motion for summary judgment. This is because such public documents are capable of accurate and ready determination. *Makro Capital of America, Inc. v. UBS AG*, 372 F. Supp. 2d 623, 627 (S.D. Fla. 2005)(citing *Bryant v. Avado Brands, Inc.*, 187 F. 3d 1271, 1279-80 (11th Cir. 1999); *Broward Garden Tenants Ass'n. v. E.P.A.*, 157 F.Supp.2d 1329, 1335 n. 8 (S.D. Fla.2001). *Universal Express, Inc. v. SEC*, No. 05-13142, 2006 WL 1004381, 1-2 (11th Cir.2006). Thus, the Court may take judicial notice of documents filed in other judicial proceedings, without converting a motion to dismiss to a motion for summary judgment, for the limited purpose of recognizing the subject matter of the litigation and/or issues decided. *Young v. City of Augusta, Ga.*, 59 F.3d 1160, 1166 n. 11 (11th Cir.1995); *In re Delta Resources, Inc.*, 54 F.3d 722, 725 (11th Cir.1995); *United States v. Jones*, 29 F.3d 1549, 1553 (11th Cir.1994).

Here, the Court takes judicial notice of the Thirteenth Judicial Circuit's online progress docket (http://www.Hillsclerk.com) which shows that there is a pending Criminal

State Court proceeding concerning York's October 31, 2007 arrest (Circuit case number 07-CF-022853).

## DISCUSSION

A Federal Court should not enjoin a state criminal prosecution begun prior to the institution of the federal suit. *Younger v. Harris*, 401 U.S. 37 (1971). In the instant case, it is clear from the Circuit Court's progress docket that the pending state court criminal case was filed November 14, 2007, and that the criminal case precedes the initiation of the civil rights complaint. It is logical to conclude that York is still being prosecuted and awaiting trial based on the events of October 31, 2007 and for which he has described as the factual basis for this lawsuit. Since the State prosecution against York commenced prior to the institution of this federal case; the appropriate forum to challenge the validity of his arrest and/or any subsequent search is the pending criminal court proceeding in State Court. See *Id.*

A review by this Federal Court of allegations which are inextricably intertwined with the criminal state court proceeding effectively requires that the Federal Court interfere with and/or supplant the authority invested in the State Criminal Court. York's complaint focuses on claims of excessive force and conspiracy, which are directly related to charges pending before the criminal court. York is charged with Trafficking in Illegal Drugs; Possession of Drugs with the Intent to Deliver within 1,000 feet of a Church; Possession of a Controlled Substance; Tampering with or Attempting to Destroy Physical Evidence; Possession of Cannabis; Possession of Drug Paraphernalia; and Obstruction or Opposing an Officer without Violence. York's civil rights complaint directly challenges the validity of at least three of these charges.

Federal courts cannot intervene in ongoing criminal proceedings except in the most extraordinary circumstances and upon a clear showing of both great and immediate harm. *Younger v. Harris*, 401 U.S. 37 (1971); *see also, Hicks v. Miranda*, 422 U.S. 332, 349 (1975). The *Younger* court stated:

> [I]t has been perfectly natural for our cases to repeat time and time again that the normal thing to do when federal courts are asked to enjoin pending proceedings in state courts is not to issue such injunctions.
> . . .
> [W]hen absolutely necessary for protection of constitutional rights, courts of the United States have power to enjoin state officers from instituting criminal actions. But this may not be done, except under extraordinary circumstances, where the danger of irreparable loss is both great and immediate. Ordinarily, there should be no interference with such officers; primarily, they are charged with the duty of prosecuting offenders against the laws of the state, and must decide when and how this is to be done. The accused should first set up and rely upon his defense in the state courts, even though this involves a challenge of the validity of some statute, unless it plainly appears that this course would not afford adequate protection.
> . . .
> [I]n view of the fundamental policy against federal interference with state criminal prosecutions, even irreparable injury is insufficient unless it is both great and immediate. Certain types of injury, in particular, the cost, anxiety, and inconvenience of having to defend against a single criminal prosecution, could not by themselves be considered 'irreparable' in the special legal sense of that term. Instead, the threat to the plaintiff's federally protected rights must be one that cannot be eliminated by his defense against a single criminal prosecution.

*Younger,* 401 U.S. at 45-46 (citations and quotations omitted).

The *Younger* abstention doctrine does not preclude all federal court involvement any time there may be state proceedings. However, the doctrine does preclude involvement when the following conditions exist: a state judicial action is pending; the pending action implicates important state interests; and the state action is capable of addressing the federal constitutional question. *See Lee v. City of Rome, Ga.*, 866 F. Supp. 545, 549 (N.D. Ga. 1994) (citing *Huffman v. Pursue, Ltd.*, 420 U.S. 592, 600 (1975)).

The doctrine precludes this Court's involvement in York's case because York has a state judicial action pending; the pending action implicates important state interests; and the state action is capable of addressing the federal constitutional question.

Accordingly, the Court orders:

That Defendants' motion to dismiss (Doc. No. 15) is granted. The Clerk is directed to enter judgment against York and to close this case.

ORDERED at Tampa, Florida, on March 20, 2008.

*Susan C. Bucklew*
SUSAN C. BUCKLEW
United States District Judge

Counsel of Record
Lee York